**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4966**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

AARON DOMINIQUE WILKS,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.   Thomas D. Schroeder, District Judge.  (1:09-cr-00394-TDS-1)

———————

Submitted:  February 24, 2011     Decided:  February 28, 2011

———————

Before GREGORY, SHEDD, and KEENAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Terry Michael Meinecke, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aaron Dominique Wilks pled guilty to possession of a firearm after being convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (2006). His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning the reasonableness of the 120-month sentence in light of the court's refusal to vary from the Guidelines range based upon a proposed amendment to the computation of criminal history points. Wilks filed a supplemental brief.[*] We affirm.

An appellate court reviews a sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id. First, the court must assess whether the district court properly calculated the Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49-50; see United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010). The

---

[*] Wilks challenges the district court's application of an enhancement for possession of a firearm in connection with another felony offense. We have reviewed the record and conclude that this claim is without merit. See U.S. Sentencing Guidelines Manual § 2K2.1(b)(6) & cmt. n.14(C) (2009).

2

court also must consider the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). After reviewing the record, we conclude that Wilks' sentence is both procedurally and substantively reasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Wilks, in writing, of the right to petition the Supreme Court of the United States for further review. If Wilks requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wilks. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED